IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MEDELICIA VELAZQUEZ-ORTIZ

Plaintiff

vs                                                      CIVIL 08-1751CCC

THOMAS J. VILSACK, Secretary
United States Department of Agriculture

Defendant

## OPINION AND ORDER

The action before us is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, et seq., and the Age Discrimination in Employment Act (ADEA).[1]  Plaintiff Medelicia Velázquez-Ortiz (Velázquez) avers that she suffered sex and age discrimination and retaliation for previous equal employment activity during her employment with the U.S. Department of Agriculture.

We now address Defendant's Motion for Summary Judgment[2] (**docket entry  9**), plaintiff's opposition (docket entry 15), and defendant's reply (docket entry 29).

Velázquez alleges that since 1997 she has been a complainant in two cases before the Equal Employment Opportunity Commission, and has also been active as a member of the U.S. Department of Agriculture's EEO Advisory Committee.  She avers that in 1996 she was a plaintiff in the nationwide EEO-Sonia Byrd v. Glickman case, based on sex discrimination and that she assisted other female co-workers in that case in the drafting of complaints (¶7).  She also avers that she filed an EEO complaint in 1997 in which she

---

[1]Although plaintiff also avers jurisdiction under "the Constitution of the United States of America," she does not identify any specific claim and fails to plead facts that would state a constitutional claim.

[2]The action was originally filed against then Secretary of Agriculture Mike Johanns. However, he has been automatically substituted by his successor in office, Thomas J. Vilsack.

CIVIL 08-1751CCC                           2

charged that she was passed over for promotion in favor of a less qualified male and as retaliation for her advocacy of equal employment rights (¶8).  At ¶¶13-14 she avers that in July 16, 1997 she received a Specific Reduction in Force Notice and was offered a newly created, permanent part-time position in lieu of separation.  As a result, she filed another EEO complaint, No. 97-251, for reduction in hours.

This case arises from Velázquez' fourth 2004 EEO complaint which is based on the selection of  Angel Bruno to replace Edwin Delgado as a Loan Specialist in the Humacao Field Office (Complaint, ¶15).[3]  Velázquez contends that Bruno was the lower ranked candidate.

As she summarizes in ¶ 20 of her complaint:

> Plaintiff has been denied the opportunity for growth and promotion in Defendant's.  (sic) Defendant has given preferential treatment to male applicants and discriminated against Plaintiff because of sex and age; and her previous EEO activity in which the selecting official Pedro Gómez[4] has participated.  Plaintiff has been discriminated because she had been a member of Defendant's EEO Advisory Committee, assisted other female co-workers in their EEO complaints, was part of a nationwide EEO complaint and filed individual EEO complaints against Defendant.

Defendant raises plaintiff's failure to exhaust administrative remedies as to her claim of sex discrimination with regard to the factual incidents that underlie this lawsuit, failure to meet the standard of proof  for an ADEA claim, and failure to present a prima-facie case of retaliation.

_____

[3]Earlier paragraphs of the complaint relate plaintiff's belief  that she was the victim of discrimination when her previous application for this position was denied in1997.  She avers that she was more qualified and should have been appointed to the position at the time it was given to Edwin Delgado in 1997.

[4]Pedro Gómez, the Housing Program Director, was on the evaluation panel and was also one of the persons interviewing candidates.

CIVIL 08-1751CCC                           3

**Summary Judgment Standard**

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Sands v. Ridefilm Corp., 212 F.3d. 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina Vargas, 168 F.3d. 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala,124 F.3d. 298, 306 (1st Cir. 1997). The non-moving party must establish the existence of at least one relevant and material fact in dispute to defeat such a motion. Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989). The purpose of a summary judgment motion is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791, 794 (1st Cir. 1992). The Court must look at the record in the light most favorable to the non-moving party; however the Court need not rely on unsubstantiated allegations. Rather, the non-moving party may only overcome the motion with evidence sufficient to raise a genuine issue of fact that is both relevant and material. See, Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986). That is, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion [...]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

On issues where the non-movant bears the ultimate burden of proof at trial, he may not defeat a motion for summary judgment by relying on evidence that is "merely colorable" or "not significantly probative." Rather, the non-movant must present definite, competent evidence to rebut the motion. Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993), citing Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st. Cir. 1991). Summary judgment is appropriate even when elusive concepts like motive or intent are in play if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported

CIVIL 08-1751CCC                              4

speculation.  Feliciano v. El Conquistador, 218 F.3d 1 (1st Cir. 2000);  Medina Muñoz v. R.J. Reynold Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  Therefore, the non-moving party's failure to advance evidence establishing the essential elements of the cause of action, and for which she have the burden of proof, warrants the dismissal of the case through summary judgment.  Celotex v. Catrett, 477 U.S. 37 (1986).

We may ignore "conclusory allegations, improbable inferences and unsupported speculation.  Prescott v. Higgins, 538 F.3d. 32, 40 (1st Cir. 2008); Pérez v. Volvo Car Corp., 247 F.3d. 303, 317 (1st Cir. 2001).  A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.  A fact is material if it has the potential of determining the outcome of the litigation.

## I. Sex Discrimination Claim

Defendant's first attack is made on Velázquez' Title VII claim for sex discrimination which defendant claims is barred by the failure to exhaust administrative remedies.  See, Fredereque-Alexandre v. Department of Natural Environmental Resources of Puerto Rico, 478 F.3d 433, 440 (1st Cir. 2007) ("A plaintiff must exhaust his administrative remedies, including EEOC procedures, before proceeding under Title VII in federal court.")  That Velázquez' June 29, 2004 EEO complaint (Exhibit 1 of defendant's Motion), identified at different procedural stages as USDAC R040527, RD2004-01338, and Appeal No. 0120074019, alleged violations based only on age and retaliation, was clearly recognized by plaintiff at her deposition when confronted with its contents:

Q. . . .at item 5, it says"Basis of Discrimination," is that correct?

A. Age and reprisal

Q. Okay, now would you agree with me that nowhere in that document, as I have shown it to you, Exhibit 1, does it say

CIVIL 08-1751CCC                              5

> sex or hostile work environment, would you agree with me on
> that?
>
>          A. In this complaint, no.
>          . . . .
>          Q. As to this case, as to this case, is this, the complaint
> that you filed at the agency level for this case?

A. Yes

Plaintiff's Deposition, Docket entry 16-2, p. 9.  (Our emphasis.)

>          A. I have a doubt that I want to clear with you.  In relation
> to this case, the base of discrimination is age and reprisal.

Id., at p.10

>          Q. We'll get to that, as part of the reprisal, we'll get to that, but
> the complaint you have before you , the basis of the complaint
> you have before you only says age and reprisal, is that correct?
>
>          A. Yes.
>
>          Q. Okay. It doesn't say sex or hostile work environment, the
> document, is that correct?
>
>          A. Yes.
>
>          Q. Okay.  Now, I ask you why did you file the complaint?
>
>          A. I filed this complaint because I felt discriminated in (sic)  the
> basis of age and reprisal.

Id., at p. 11 (our emphasis).

With regard to defendant's failure to select her for the position in question, plaintiff

further testified during her deposition:

>          Q. Okay.  Now, you're saying, "I'm totally sure that this
> was due to all or in part because of my age and reprisal for
> previously filing EEO complaints."  Is that correct?
>
>          A. Yes.

CIVIL 08-1751CCC                                    6

> Q. Okay, now, what were the previous cases that you had
> filed that you mention there? And in what year and in what case.
>
> A. Yes, in 1996.

Id., at p. 13.

Notwithstanding that plaintiff's deposition was taken after this suit was filed, that is, well after all the administrative investigations were complete, she now argues in her opposition that, "Defendant was on notice from the date of filing of the Administrative EEO complaint by Plaintiff that her allegations were based on age, sex and reprisal for previous EEO activities. Opposition, at pp.1-2. She further states,

> When the Agency accepted the case for investigation it did not dismiss any of the sex allegations raised by Plaintiff in her attachment, as untimely and out of the scope of investigation. The Agency's investigator took all the issues raised by Plaintiff that described in detail the discriminatory actions and events that she had suffered.
>
> Additionally, during the investigation, Plaintiff gave two (2) statements to the investigator. (Defendant's Exhibits 8 and 9). In these statements, Plaintiff described in detail the EEO complaints she filed against Defendant prior to the 2004 complaint. These previous EEO complaints were based on sex discrimination.

Id., at pp.4-5 (our emphasis).

Plaintiff's own statement acknowledges that it was only in the previous 1996-1997 EEO complaints in which she raised sex discrimination claims, not in the 2004 EEO complaint. A review of the text of the administrative complaint of employment discrimination dated June 29, 2004 (Exhibit 1, Motion for Summary Judgment) clearly identifies only age and reprisal as the bases of discrimination for not selecting her to the position under Announcement No. PR-03-004. The two previous EEO complaints based on sex discrimination filed in 1996 and 1997, EEOC No. 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X and EEO Complaint No. 971244, mentioned at ¶¶ 5, 7, and 8 of the complaint filed in this case and in item 6 of the June 29, 2004 EEOC complaint, are only relevant to her current retaliation claim. She

CIVIL 08-1751CCC                               7

contends at item 6 of the June 29, 2004 administrative complaint and at paragraph 5 of the complaint in this case that, because of those two previous administrative complaints, defendant retaliated against her in 2004 by not selecting her for the position under Announcement No. PR-03-004.

Title 42 U.S.C. §2000e-5(f)(1) provides in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge. . . ."[5]

In order to pursue a Title VII, sex discrimination claim following the exhaustion of administrative remedies, Velázquez had to file a complaint in this district court within ninety days of the EEOC giving her notice of its final action.  Taal v. Hannaford Bros. Co., 211 Fed. Appx. 4, 5 (1st Cir. 2006); See, also, Montañez v. Educational Technical College, ___ F.Supp. 2d ___, 2009WL3193328, *3 (D. Puerto Rico 2009) (under the Notice of Rights, Plaintiff had ninety days from receipt to file her Title VII claim); United States v. Municipio De Vega Alta, 224 F.R.D. 118 (D. Puerto Rico 2007).  It is undisputed that after final action by the EEOC on the sex discrimination claims brought back in 1996 and 1997 plaintiff did not file a complaint in federal court.

_____

[5]This section is implemented with regard to federal government employees through 42 U.S.C. §2000e-16 which provides, in pertinent part:

> Within 90 days of notice of final action taken by . . .  the Equal Employment Opportunity Commission upon appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, . . . an employee aggrieved by the final disposition of his complaint . . . may file a civil action as provided in section 2000e-5 of this title. . . .

See, also, Lennon v. Rubin, 166 F.3d. 6, 8 (1st Cir. 1999).

CIVIL 08-1751CCC                              8

The absence of a sex discrimination claim with regard to the 2004 administrative charge based on age and reprisal is undisputed.  The fact that the employer agency evaluation committee member may have known about Velázquez' pre-2004 discrimination complaints does not bootstrap their content into her fourth 2004 EEO charge.  Nor does the fact that plaintiff may have given investigators a detailed recitation of her past grievances serve to incorporate them as charges in her June 29, 2004 administrative complaint based only on age discrimination and reprisal.  It is the existence of Velázquez' prior 1996-1997 "EEOC activity" which now serves as a foundation for her present allegation that, **in retaliation** defendant did not appoint her to the position of loan specialist that she applied for under Announcement No. PR-03-004.  Further evidence against Velázquez' attempted resurrection of her long-expired sex discrimination claims is the fact that defendant's Exhibit 3, the final EEOC decision issued on June 18, 2005, analyzed only the age and retaliation claims.  The following is a relevant portion of that decision:

Statement of Claim

The Complainant alleges that the Agency subjected her to harassment based on her age (over forty(40)) and reprisal (prior equal employment opportunity (EEO) activity) when she was not selected for the position of Loan Specialist, GS-1165-9, under Vacancy Announcement Number PR-03-004 (date not specified).

The eighteen-page decision includes a detailed discussion of the relevant facts regarding her age discrimination and retaliation claims, the parties' contentions and the legal framework. Significantly, the entire factual and legal analysis as well as the findings and conclusions are strictly limited to the issues related to age discrimination and to retaliation triggered by previous EEOC activity.

Having failed to raise a charge based on sex discrimination in a timely administrative EEO complaint, the Court concludes that plaintiff did not exhaust the requisite administrative remedies, and, therefore, her Title VII sex discrimination claim is DISMISSED.

CIVIL 08-1751CCC                              9

## II. Age Discrimination Claim

Defendant next contends that plaintiff cannot meet the required standard of proof for her claim of age discrimination.  Relying on Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343 (2009), it is argued that, since there is no "burden shifting" in ADEA cases, plaintiff has the burden of proving that the adverse employment decision complained of was because of her age.

The ADEA provides, in relevant part, that "[i]t shall be unlawful for an employer--to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, **because of such individual's age**...."  29 U.S.C. §623(a)(1) (Emphasis added.)

The landscape of the requirements of an age discrimination claim has changed considerably through the Supreme Court's decision in Gross.  The issue in that case, whether a plaintiff had to "present direct evidence of discrimination in order to obtain a mixed motive instruction in a non-Title VII discrimination case," Id., at 2349, opened a series of subsidiary questions and answers relevant to our case.  The Court announced that the Title VII burden shifting framework does not apply to ADEA claims.  It then reiterated its earlier interpretation that, "under " §623(a)(1), the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employers adverse action."

The Court summarized its decision as follows:

> We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action.  The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

Id., at 2353.

Thus, it falls to Velázquez to show, through evidence, direct or circumstantial, that age was the reason, the "but for" cause, for not receiving the promotion.  Linking the meaning of

the words "because of" or "by reason of" to a causal-relationship analysis <u>Gross</u>, at 2350, states: "the phrase 'by reason of' requires at least a showing of 'but for' causation;" "the phrase 'based on' indicates a but-for causal relationship and thus a necessary logical condition."

To prove the employer's discriminatory animus, a plaintiff is not required to come forward with evidence of the "smoking gun" variety.  <u>Resare v. Raytheon Co.</u>, 981 F.2d 32, 42 (1st Cir. 1992).  Comments by decision-makers that denigrate those over forty would be sufficient circumstantial evidence of age discrimination. <u>Mesnick v. General Electric Co.</u>, 950 F.2d 816, 824 (1st Cir. 1991).  Statistical evidence may demonstrate a pattern employment decisions based on discriminatory age-based criterion.  <u>See</u>, <u>DeNovellis v. Shalala</u>, 135 F.3d. 58, 65 (1st Cir. 1998); <u>LeBlanc v. Great American Ins. Co.</u>, 6 F.3d. 836, 837(1st Cir; 1993).

By way of opposition, plaintiff repeatedly refers to the phrase "new blood," which was used in a January 13, 1997 memo related to the decision made in 1997 to hire Edwin Delgado for the vacant position GS-1165-7/9 to which plaintiff had also applied.   The complete statement, contained in the 1997 memo identifies Edwin Delgado as the selected candidate, mentions his experience, training and that he "bring[s] new blood to the Local Office to inject initiative and positive attitudes."  Plaintiff's Ex. 4.  Although plaintiff now attempts to characterize this statement as some kind of age-related "policy," for purposes of her non-selection in 2004, seven years after that memo was made, she offers no facts or circumstances from which one could determine that the 1997 memo was either age-related or that it was subsequently implemented as a policy on which the employer based its decision in 2004 regarding her application for the GS-1165 position under Announcement No. PR-03-004.  Plaintiff has not shown a causal relationship between the "new blood" memo and the adverse employement decision.

Moreover, plaintiff's assertion that the "new blood" memo is age related is revisionist history.  At ¶8 of her complaint Velázquez avers only that her 1997 EEO complaint was

based on sex and retaliation, not on age discrimination.  To interpret the phrase "new blood" as an age- related comment, plaintiff would have had to, at least, allege in her 1997 EEO complaint that the selected candidate was younger than she was, something she did not do. In her own Ex. 5, a chart which she prepared, <u>for this case</u>, comparing her qualifications with those of  Delgado vis a vis the 1996 applications, she does <u>not</u> compare their ages.  She states only that he had "more than 20 years of working experience" while she had 19.

Velázquez also denounces defendant's affiants' statements[6] arguing that they did, in fact, know her age because her date of birth was on the latest application for the GS-1165 position and that, "No one can acquire experience without the passage of time.  So, these evaluators were aware of Plaintiff's age and experience."  Opposition, at 7.  <u>Id</u>.  She also speculates that, because of her prior committee work with Gómez, "We can safely assume that he has seen her and is aware that she is fifty five year[s] old."  <u>Id</u>.  This is not only sheer conjecture but also a  misleading statement.  Plaintiff was forty nine years old at the time she was not selected in 2004 for the GS-1165 position, Announcement No. PR-03-004.

Other than this contention, plaintiff has not produced evidence of probative value to establish that she was not selected because of her age.  One of her exhibits[7] is a table created by Velázquez herself on May 24, 2009 comparing what she considers her superior qualifications to those of Bruno who was selected for the GS-1165 position.  The only point in this table that is relevant to our task is the fact that Bruno was 41 years old and plaintiff was 49 years old at the time the selection was made.

_____

[6]We assume that Velázquez is referring to the investigatory affidavits inasmuch as she has not provided  any deposition testimony, other than her own, as evidence.

[7]Docket entry 16-9.  The document does not have an exhibit number.

Plaintiff also submitted, as her Exhibit 13, the October 28, 2004 affidavit of Francisco Soto Rodríguez, a former co-worker who expressed that, in his opinion, Velázquez was better qualified for the position than Angel Bruno and that she should have been selected. He also stated at ¶11-A, "I know that Management takes into consideration the age of candidates."  Soto Rodríguez does not give any  information as to how he reached this conclusion nor does he identify the source of his "knowledge" as to the use of age as a criteria for selection.  Courts are not "super personnel departments," and should not ordinarily second-guess employers' business decisions, <u>Noonan v. Staples, Inc.</u>, 556 F.3d. 20, 34(1st Cir. 2009), imposing our subjective judgments of which person would best fulfill the responsibilities of a certain job.  <u>Clifford v. Barnhart</u>, 449 F.3d. 276, 283 (1st Cir. 2006).

Plaintiff having failed to establish that age was the "but-for" cause of the challenged employer's decision, her ADEA action is DISMISSED.


**III. Retaliation Claim**

To establish a prima facie case of retaliation under Title VII, 42 U.S.C. §2000e-3(a), Velázquez was required to show that (1) she engaged in protected conduct under Title VII; (2) she suffered an adverse employment action; and (3) the adverse action is causally connected to the protected activity.  <u>Moron-Barradas v. Department of Education of Puerto Rico</u>, 488 F.3d. 472, 481 (1st Cir. 2007) citing  <u>Hernández Torres v. Intercont'l Trading, Inc</u>., 158 F.3d. 43, 47 (1st Cir 2004).

Velázquez relies on her EEO Advisory Committee work, her membership as a plaintiff in the <u>Sonia Byrd</u> class action, and her prior EEO complaints in 1997 for non-selection and reduction in hours, as grounds for alleged retaliation.[8]

---

[8]Plaintiff's 2004 EEO complaint also mentions that she "filed a negotiated grievance" due to "mistreatment and harassment against [her] by her prior manager, James Rivas." Defendant's Ex.1, at 2.  The nature of the mistreatment and harassment is not mentioned,

CIVIL 08-1751CCC                           13

Plaintiff's only "evidence" in support of her reprisal claim is a statement made by Pedro Gómez in a May 1998 investigatory affidavit, reflecting his knowledge of her work on the EEO Advisory Committee:

> I don't know if Ms. Velázquez was involved in the Sonia Byrd class action. I only know that she was a very active member of the EEO Advisory Committee with others. I had the opportunity to work with her on one of the committees of the EEO Advisory committee, the training committee. There were ten to twelve people on the Advisory Committee.

Plaintiff's Ex F 5. Docket entry 16.

One way of showing causation is by establishing that the employers's knowledge of the protected activity was close in time to the employers adverse action. Wyatt v. City of Boston, 35 F.3d. 15, 16 (1st Cir. 1994). Close temporal proximity between two events may give rise to an inference of causal connection. Del Pilar Salgado v. Abbott Laboratories, 520 F. Supp. 2d 279, 292 (D. Puerto Rico 2007). Mere temporal proximity between an employer's knowledge of protected conduct an adverse action may establish causation if the temporal proximity is "very close." Id. In Mesnick, supra, at 828, also an appeal from a summary judgment, the court held that a time lapse of nine months between Mesnick's filing his EEOC charge and his termination militated against a finding "sufficiently robust to thwart brevis disposition." See, also, Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d. 6, 25 (1st Cir. 2004) ("Three and four month periods have been held insufficient to establish a causal connection based on temporal proximity.")

In the case before us, there is a span of almost six years between the investigation of her previous EEO complaint in May, 1998 and the failure to be selected for the position

---

it is not identified in the EEO complaint as grounds for the non-selection, nor is this incident identified in the complaint as one of the grounds for retaliation in not being selected to the position now in issue. See, also, Defendant's Ex.3 Final Agency Decision, at 2. Regarding plaintiff's statement, the EEOC found, "The Complainant's vague statement is unrelated to the non-selection allegation and does not involve the same management officials." It also noted that "she failed to submit evidence to support this assertion." Id.

CIVIL 08-1751CCC                                    14

in March 2004, well beyond any reasonable time from which such a connection could be inferred.  Therefore, Velázquez having failed to present evidence of a causal connection between her protected conduct and the adverse employment action, she has failed to establish a claim of retaliation, and, it is, therefore, DISMISSED.

      SO ORDERED.

      At San Juan, Puerto Rico, on March 31, 2010.

                            S/CARMEN CONSUELO CEREZO
                             United States District Judge